ANDREW STOLBERG

*v.*

FREDERICKE OHNMACHT.

1. FORCIBLE ENTRY AND DETAINER—*necessity of an affidavit.* The filing of an affidavit, preliminary to a summons in an action of forcible entry and detainer, is essential to give the justice jurisdiction of the subject matter. The complaint cannot be made verbally under oath, and the justice thereupon issue summons, nor can the justice acquire jurisdiction, by allowing an affidavit to be filed on the day of the trial. The affidavit is the jurisdictional foundation for the entire proceeding, and must precede the summons.

2. APPEALS FROM JUSTICES—*dismissal in the circuit court.* Where a justice issues a summons in an action of forcible entry and detainer without an affidavit having been previously filed, an appeal to the circuit court by the defendant will not cure the want of jurisdiction of the justice over the subject matter ; such a case is not within the rule, that an appeal by the defendant will cure the want of a summons before the justice.

APPEAL from the Circuit Court of St. Clair county ; the Hon. J. GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. WILLIAM WINKELMAN, for the appellant.

Mr. CHAS. W. THOMAS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of forcible entry and detainer, in which the justice issued a summons without an affidavit filed. The defendant appeared and moved to dismiss the suit. The justice overruled the motion and allowed the plaintiff at that time, being the day of trial, to swear to and file his affidavit. The justice rendered judgment for the plaintiff, from which the defendant appealed to the circuit court, where the motion to dismiss was again made and was allowed. The plaintiff brings the case here, assigning as error the action of the circuit court in dismissing the case.

It is urged, by appellant's counsel, that an affidavit is not necessary as preliminary to a summons; that the complaint may be made verbally, under oath, and the justice may thereupon issue summons. Such a construction would be a plain violation of the statute, and opposed to the interpretation it has received from the time of its enactment. The affidavit is the foundation of the jurisdiction, and has been constantly so held in this court. The justice had no jurisdiction when he issued the summons, and could acquire none, for the purposes of that suit, by allowing an affidavit to be filed on the day of trial. Neither was the difficulty cured by appeal to the circuit court so as to bring the case within the rule laid down in *Swingley* v. *Haines*, 22 Ill. 216, and subsequent cases of like character. It was there held, under the express provisions of the statute, that, by an appeal to the circuit court, that court acquired jurisdiction over the person of the appellant, even though there had been no summons in the court below. But the statute also provides that, if the justice had no jurisdiction of the subject matter, the circuit court shall dismiss the suit. That was the difficulty here. The justice had brought the defendant into court by summons, and he had appeared, but having brought him there, he had no jurisdiction to compel him to defend against a complaint for forcible entry and detainer, because no complaint had been made in any manner

of which the justice could take cognizance, and the law requires it to be made at the beginning, as the jurisdictional foundation for the entire proceedings.

The judgment of the court below is affirmed.

*Judgment affirmed.*