ORRIN P. BISSELL

*v.*

THOMAS LLOYD *et al.*

*Filed at Ottawa September 26, 1881.*

1. LEASE—*construction, as to extent that tenant should repair.* Where the lessee of a store room in a building undertakes to make all needed repairs and alterations in and about such room, the lessor, by implication, will be bound to keep the residue of the building in repair, so as to protect such room.

2. LANDLORD AND TENANT—*when tenant released from rent for want of repairs.* Where a party rents a room in a building for a store room, undertaking to keep the building, except the particular room, in proper repair, and neglects to repair, so that the roof of the building leaks so badly as to render the store room unfit for the use for which it is rented, and the lessee leaves the same on that account, the lessor will not be entitled to recover rent for the store room for the time after it is abandoned.

3. CHANCERY—*relief, when denied for laches.* Where a party purchasing a lot of goods from a surviving partner, agreed, as a part of the consideration of the sale, to pay all the debts and liabilities of the late firm, a bill in

chancery by one who had leased the firm a store room, to enforce the payment of rent, after a lapse of more than eight years from a repudiation of the claim for rent by the defendant, will not be enforced, on account of the staleness of the demand.

4. JUDGMENT—*does not bind one not a party.* One not a party to a judgment against another is not in any manner concluded by it, although he may have agreed to pay the indebtedness of the defendant.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding.

On the 1st of August, 1869, Bissell, being possessed of certain buildings in Peoria, leased to the firm of Billings, Lloyd & Schembs a part thereof, for a term of five years from that date, at a yearly rent of $1000, payable monthly. The premises rented were described as "the brick store room on south Washington street, * * * being the store room now occupied by the party of the first part; also, the undivided half of room in the second story of said store; also, the undivided one-half of the basement of the brick building in rear of said store." The lessor reserved "the right of free passage through the store room during business hours," and the lessees bound themselves "to make all repairs and alterations necessary, in and about *said store room*," at their own cost. The premises were rented for keeping on sale a stock of hardware, tinware, etc. The lessee firm consisted of George Billings, George P. Lloyd and Jacob Schembs. Possession was taken under the lease, and the rent was paid by the lessees and those entering under them until March 1, 1871.

This is a bill in chancery, brought September 22, 1879, by Bissell, for the purpose of compelling Thomas Lloyd (the father of George P. Lloyd) to pay the rent claimed by him to be in arrear on that lease, for the time between the 1st of March, 1871, to August 1, 1874, or at least a portion thereof. The bill on final hearing was dismissed by the decree of the circuit court. This decree was affirmed by the Appellate

Court. From that judgment of affirmance Bissell appeals to this court.

Messrs. PUTERBAUGH & PUTERBAUGH, and Mr. J. M. MORSE, for the appellant.

Messrs. COOPER & TENNERY, Messrs. JOHNSON & FOSTER, and Mr. M. M. BASSETT, for the appellee Thomas Lloyd.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

We find no sufficient ground in the record to reverse this judgment. By the terms of the lease, the lessees were bound to make needed repairs and alterations in and about the *store-room,* which was only a part of the building. The fair implication from this express undertaking is, that the lessor undertook to keep the residue of the building in repair. The premises were not occupied by the lessees, or by any one under them, after March 1, 1871. The evidence tends to show that at that time the building leaked so badly as to render the store room in question unfit for the use for which it was rented. Upon this ground, alone, it would seem the chancellor was fully justified in dismissing the bill as against Thomas Lloyd. True, judgments were rendered against the estate of George P. Lloyd, July 3, 1872, for a portion of the rent claimed, but Thomas Lloyd was not a party to the proceedings, and he is in no manner concluded thereby.

The complainant seeks to charge Thomas Lloyd with a portion of this unpaid rent, upon the ground that, in November, 1869, some three months after the making of the lease, Schembs, one of the lessees, sold to his partners his interest in the firm, and they assumed the liabilities of the firm; and that Billings and George P. Lloyd, under the firm name of Billings & Lloyd, continued the business at the same place, paying the rent until May 1, 1870, when George P. Lloyd died; and that thereupon Bissell, as surviving partner, con-

tinued to occupy the store, and remained in custody of the assets of the late firm, until August 20, 1870, and on that day the entire assets were turned over by Billings to Thomas Lloyd, who at that time bought the interest of Billings in the same for $2200, and undertook, by his bond to Billings of that date, to pay all the debts of the late firm; and it is claimed by complainant, that the value of the assets in that way received by Thomas Lloyd exceeds the amount of debts of the firm paid by Thomas Lloyd by several thousand dollars, and to that extent it is claimed that a decree should go *against him* in favor of complainant. The proofs show that on July 29, 1879, Bissell's claim for the rent here claimed was allowed against the estate of George P. Lloyd, and the amount fixed at the sums of $1500 and $1916.72, making $3416.72, "to be paid out of property not heretofore inventoried or accounted for."

The record shows that an administrator of the estate of George P. Lloyd, deceased, was duly appointed, and qualified on July 14, 1870, and that Billings, the surviving partner, prepared a full inventory of the assets of the late firm and a list of its liabilities, and having the assets duly appraised, filed with the county court said inventory and other papers, in the month of May, 1870; and that on the 23d of November, 1872, the administrator of the estate of George P. Lloyd made a report to the county court, in answer to a citation on the complaint of Bissell, showing that there were no assets of that estate known to him, except his interest in the partnership effects of Billings & Lloyd, which went into the hands of Billings, as surviving partner. Soon after Thomas Lloyd bought the assets of the late firm of Billings & Lloyd, he took in a partner in the business, named McIlvaine, and they carried on business in the store room in question until March, 1871, paying rent to Bissell at the rate of $1000 a year, and taking receipts in the name of "Lloyd & McIlvaine." About that time McIlvaine left the firm, and Thomas Lloyd removed

from the premises, and refused to pay any part of the rent now demanded.

Complainant's claim, if any, against Thomas Lloyd, is an equity supposed to arise from his receipt of the goods and effects turned over to him by Billings in August, 1870. His right to an allowance against the estate of Geo. P. Lloyd, for a breach of the contract in the lease, was complete in April, 1871, when Billings and Schembs had both abandoned the premises, and Thomas Lloyd, who entered under Billings, had also abandoned the same, and repudiated Bissell's claim upon him for rent. In so far as the enforcement of this supposed equity of the complainant is concerned, the complainant lay by and slept upon his supposed rights from April, 1871, until September, 1879, more than eight years. This delay is set up as a defence in the pleadings. We regard the claim as stale, and such an one as a court of chancery should not interfere to enforce.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*