## World's Columbian Exposition v. Louis Scala.

1. SERVICE OF PROCESS—*Amendment of Sheriff's Return.*—Courts as a matter of course grant leave to the sheriff to amend his return, but can not dictate what the amendment shall be. The sheriff acts at his peril as to the truth of the amendment he makes.

2. SAME—*Motion for Leave to Amend Return.*—As a court can not dictate the terms of an amendment to a sheriff's return, it can make no previous inquiry as to the truth of the proposed amendment, at least in the absence of any circumstances exciting suspicion of the good faith of the sheriff.

3. SERVICE OF PROCESS—*Upon Corporations.*—The statute provides for service of process upon a principal director as well as upon an agent. Is not a return showing service upon the World's Columbian Exposition by delivering a copy thereof to George R. Davis, Director General of the Exposition, good?

4. AMENDMENT OF SHERIFF'S RETURN—*After Appeal is Taken.*—The fact that a case has been removed from the trial court to the Appellate Court by a writ of error and that the writ has been made a supersedeas is no obstacle to any proper amendment in the court below.

**Memorandum.**—Assumpsit. In the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding; motion to amend sheriff's return; allowed; error by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 15, 1894.

BRIEF FOR PLAINTIFF IN ERROR, WALKER & EDDY,
ATTORNEYS.

In this case, judgment by default was taken against the World's Columbian Exposition, a corporation, upon the following return of service of summons:

" Served this writ on the within named defendants, the World's Columbian Exposition, by delivering a copy thereof to George R. Davis, Director General of said Exposition, this 19th day of July, 1893. The president of said Exposition not found in my county.

JAMES H. GILBERT, Sheriff,
By C. J. JONES, Deputy."

This shows a service upon one " George R. Davis, Director General of said Exposition." No such officer or agent is known to the law, nor is there anything in the sheriff's

return which avers that the dignitary known as "Director General" is, as a matter of fact, an agent of the Exposition. It is left to the court to assume judicially that a director general is, as a matter of fact, an agent of a corporation.

In Imperial Building Company v. Cook, 46 Ill. App. 279, this court held that return of service upon " F. S. Eames, vice-president of said company," was insufficient, as the court could not assume judicially that the vice-president was, as a matter of fact, an agent of the company. [Since revised by the Supreme Court.]

Our statute (Sec. 5, Practice Act) provides:

" An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal director, engineer, conductor, station agent, or any agent of said company found in the county."

BRIEF FOR DEFENDANT IN ERROR, MANN, HAYES & MILLER, ATTORNEYS.

George R. Davis is described in the original return as " Director General," and the contention is that no such officer is named in section 5 of the Practice Act, and although the section covers " principal director," the terms are not synonymous. Webster says of the word "general" : "The word ' general ' annexed to a name of office usually denotes chief or superior." " The chief or superior officer in an administration—one who is head of a department, and superintends the other officers in it." The word "chief" the same author defines as " the principal or most important person or thing." And gives as synonyms, " principal," "leading," "main," "master," etc.

In the light of the above, we submit that the terms " director general," " director chief," " director principal," and " principal director," are but different terms for the same

thing, and are synonymous, and that although the words "director general" be not specifically mentioned in the statute covering this question, yet the term and the duties which it implies are such as to bring it within the statute, and make the original return sufficient. The term "general superintendent," although common, is not used in the statute, and yet, if the sheriff, on serving a superintendent, should insert the word "general" in his return, it would hardly be held to invalidate it.

We therefore respectfully submit that the original return on said summons was sufficient.

Mr. Justice Gary delivered the opinion of the Court.

At the August term, 1893, of the Superior Court, the defendant in error obtained a judgment by default against the plaintiff in error. The return of the sheriff upon the summons was that it was served "by delivering a copy thereof to George R. Davis, Director General of said Exposition" etc., at the September term, 1894. On notice to the plaintiff in error the sheriff made a new return upon the summons which was the same as the first return, with the words "and an agent of said World's Columbian Exposition" added to what is first herein copied.

When that amendment was made, this writ of error, which had been made a supersedeas, was pending in this court.

In obtaining leave to amend the return, the defendant in error presented an affidavit that Davis was an "agent" of the plaintiff in error, and the court refused to receive any testimony or affidavit to the contrary, but granted leave "to the sheriff to amend his return on the writ of summons in this case, so as to conform to the facts."

That the amended return is good is not questioned, but it is insisted that the court should have heard testimony or received affidavits that Davis was not an "agent," and also that the amendment should not have been permitted after a supersedeas from this court.

As to the first point the affidavit presented by the defendant in error was not the ground of the amendment.

That affidavit only served the purpose of showing that the leave to amend was applied for in good faith. The court could not dictate what the amendment should be. The sheriff acts at his peril as to the truth of the amendment he makes. Dunn v. Rogers, 43 Ill. 260.

The elaborate case of O'Connor v. Wilson, 57 Ill. 226, does not touch the questions here. Barlow v. Standford, 82 Ill. 298.

Then as the court could not dictate the terms of the amendment, it should make no previous inquiry as to the truth of the proposed amendment, at least in the absence of any circumstances exciting suspicion of the good faith of the sheriff.

The fact that this writ was pending and was made a supersedeas was no obstacle to any proper amendment below. Dunham v. South Park, 87 Ill. 185.

The statute provides for service upon a "principal director" as well as upon an "agent." It is unnecessary to decide whether "director general" is synonymous with "principal director."

It would seem that the plaintiff in error should recover costs, but authority is the other way. Toledo, P. & W. Ry. Co. v. Butler, 53 Ill. 323. Affirmed.