## Blanche Eckels v. Peter Wolf.

1. APPEALS FROM JUSTICES—*Jurisdiction.*—The act of taking an appeal to the Circuit Court from a justice's judgment confers jurisdiction on the Circuit Court, of the person of the adverse party, and of the subject-matter of the suit, provided the justice had jurisdiction of such subject-matter.

2. FORCIBLE DETAINER—*Complaint Jurisdictional.*—In an action of forcible detainer, a complaint in writing is necessary. The absence of it defeats the jurisdiction.

3. BILL OF EXCEPTIONS—*Sufficiency.*—A bill of exception containing the phrase "here insert same," no identity of the papers to be inserted being shown, nor any statement that they were offered in evidence, is insufficient.

Memorandum.—Forcible detainer. In the Circuit Court of Cook County, on appeal from justice's court; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Trial by jury; verdict of guilty; judgment; error by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

WILLIAM H. SISSON, attorney for plaintiff in error.

BRIEF FOR DEFENDANT IN ERROR, WALTER SAYLER, ATTORNEY.

The Circuit Court obtained jurisdiction of this cause by the appeal, for an appeal is recognition of jurisdiction. Commissioners of Highways of Town of Oran v. Hoblit, 19 Brad. 259. Where a party appears and submits himself to the jurisdiction of the court, it is a matter of no conse-

quence whether the summons is void or not, or even whether there is any process at all. Baldwin v. Murphy, 82 Ill. p. 485.

Mr. Justice Gary delivered the opinion of the Court.

This is an action of forcible detainer, appealed by the plaintiff in error to the Circuit Court, from a judgment of a justice.

The bill of exceptions shows that the plaintiff in error, who was defendant below, objected to the impaneling of a jury, on the ground that the justice, and therefore the Circuit Court, had no jurisdiction; and his position on that matter is, that there being no legal service of the summons, and the judgment before the justice being by default, jurisdiction failed. The appeal gave the Circuit Court jurisdiction, if the justice had jurisdiction of the subject-matter. Ohio & Miss. R. R. v. McCutchin, 27 Ill. 9. There is nothing in that objection. The absence of a complaint defeats the jurisdiction. Stolberg v. Ohnmacht, 50 Ill. 442. Here there is a complaint.

The other question in the case involves the construction of a lease from the defendant in error to the plaintiff in error. The bill of exceptions, as contained in the record, shows the beginning of the testimony, occupying about half of page 47. Then page 48 is a notice and page 49 a lease. Page 50 goes on with the testimony, until about two-thirds of the way down is this: " Mr. Saylor: I offer the two in evidence, lease and five day notice (here insert same)."

Then the testimony is resumed. There is in the bill no statement that pages 48 and 49 are the papers meant by " here insert same." No identity is shown. Nor is there any statement in the bill that those papers were offered in evidence.

We have been over this subject many times, always with the same conclusion, that such a bill of exceptions does not bring the papers before us. The last case is Imperial Hotel v. Claflin, decided at this term. We can not review the case upon its merits. The judgment is affirmed.