## Fred Leiferman v. Carl Osten.

1. Demise—*Of Part of a Building.*—The demise of part of a building gives the lessee no estate in the land upon which the building stands.

2. Same—*Disturbance in the Enjoyment of Easement.*—Disturbance in the enjoyment of an easement, or a deprivation of it, is not an eviction in itself, but authorizes the tenant to treat it as such by going out.

3. Amendments—*Permissible, Pending Appeals.*—Amendments are permissible in the court below, after the case is pending in this court on appeal.

4. Forcible Detainer—*Complaint in, Jurisdictional.*—Where, in an action of forcible detainer, one of the grounds of the motion for a new trial was, there was no complaint on file charging the defendant with unlawfully detaining the premises, such being the fact, the motion should have been allowed.

Forcible Detainer.—Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

C. E. Cruikshank and Fred. H. Atwood, attorneys for appellant.

Albert Martin, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case presents two questions; one as to merits, and the other as to proceedings.

The appellant was tenant to the appellee of the first story " flat," as the parties called it, of a two-story frame house at the corner of two streets.

The appellee owning the adjoining lot, without the consent of the appellant, moved the house to that adjoining lot, and the appellant refused to pay any more rent, or move out.

This action of forcible detainer was brought, and resulted in a judgment for the appellee.   The position of the appellant is, that the removal of the house was an eviction by the landlord, stopped the payment of rent, and ended the relation of landlord and tenant.

That the appellant might have treated the removal of the house as an eviction, and gone out, is undisputed; but it is settled American law that a demise of part of a building gives the tenant no estate in the land upon which the building stands.   2 Taylor L. & T., Sec. 520, and cases in notes.

The tenant acquires the right of support and protection of the part demised, and enjoyment of such easements as are requisite to the use of the part demised as stairs, entrance way, and in many cases, out-houses.   Payne v. Irvin, 44 Ill. App. 106; 144 Ill. 462; Keating v. Springer, 146 Ill. 481.

To constitute a portion of the premises demised the tenant must have exclusive possession.   Holladay v. Chicago Arc Light & Power Co., 55 Ill. App. 463.

It necessarily follows that all that was outside of the demised flat was no part of the demise, and that whatever interest the appellant had in such outside, was as appurtenant to the flat demised.   Now it is perfectly settled that disturbance in the enjoyment of an easement, or a deprivation of it, is not an eviction *per se*, but authorizes the tenant to treat it as eviction by going out; but if he won't go out, it is no eviction.   Patterson v. Graham, 40 Ill. App. 399; 140 Ill. 531.

The action of forcible detainer was therefore properly brought.

The question on the proceedings arises from the fact that the justice before whom the case was commenced, and from whose judgment the appellant appealed to the Circuit Court, omitted to send up the original complaint with the other papers. There is nothing to indicate that anybody noticed the absence of the complaint until after the case was tried below; the first mention of the matter is in the motion for a new trial by the appellant.

The practice of the law requires the exercise of care as well as skill.

We find it difficult to avoid the objection that when the case was tried at the Circuit Court there was nothing to identify the subject-matter of the suit except the transcript of the justice; but the parties knew what they were litigating about.

The complaint was filed with the justice at the commencement of the suit, so that he was not without jurisdiction, as in Stolberg v. Ohnmacht, 50 Ill. 442. Had the absence of the complaint been made the ground of any objection at the trial, the court, as of course, would have permitted the complaint to be brought from the justice and filed, or, if lost, its place to be supplied. In fact. the complaint has been filed in the Circuit Court since the case was docketed here, and a transcript of it certified to us by the clerk of the Circuit Court. It does not appear that the Circuit Court gave leave to file it, which leave would, however, have been as of course, because the paper belonged there—by law was required to be there. The record is now complete in both courts, this and the Circuit.

Amendments are permissible below after the case is pending here. World's Col. Ex. v. Scala, 55 Ill. App. 207.

. To send the case back for another trial, with a foregone conclusion, is a blind adherence to a " barren ideality," and the judgment is affirmed.

MR. JUSTICE WATERMAN.

This court passes only upon the record made in the court from the judgment of which the appeal is taken.

The appeal is from the judgment of the Circuit Court, and not from that of the justice court. In the Circuit Court, there was nothing to show that the justice court ever had jurisdiction to hear the cause or render judgment. It did not appear that any written complaint had ever been filed with the justice. Stolberg v. Ohnmacht, 50 Ill. 442; Eckels v. Wolf, 55 Ill. App. 310.

The motion for a new trial, made in the Circuit Court, called attention to the fact that there was on file no complaint charging the defendant with unlawfully detaining any premises. Such motion should have been sustained.

The error of the Circuit Court can not be corrected by filing a complaint therein, for the first time, after the term at which its judgment was rendered had expired, and after an appeal to this court had been perfected. Affirmed.