## Chicago Fuel Gas Appliance Co. v. Sherman S. Jewett et al.

1. ABBREVIATIONS—*Use of, Permissible.*—In certifying a record to the Appellate Court, the use of the abbreviations " Chicago F. G. A. Co." for the Chicago Fuel Gas Appliance Company, is permissible.

2.   AMENDMENTS—*Of Sheriff's Return Pending a Writ of Error.*—Pending a writ of error the court below may allow amendments to the sheriff's return of service, upon notice to the opposite party.

Assumpsit.—Error to the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding.   Heard in this court at the October term, 1896.   Affirmed.   Opinion filed November 5, 1896.

STIRLEN & KING, attorneys for plaintiff in error.

JOHNSON & MORRILL, attorneys for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
This is a writ of error bringing up the record of a judgment by default, rendered upon service of a summons upon a "receiver" of the plaintiff in error. Since errors were assigned, the court below has, upon notice to the attorneys of the plaintiff in error, permitted the sheriff to amend his return by inserting the words "and agent" after the word "receiver," as shown by a supplemental record filed. The plaintiff in error urges that permission to file such supplemental record should not be granted except upon affidavit of something, citing Von Glahn v. Von Glahn, 40 Ill. 73, and rule nineteen of this court, in neither of which citations do we see anything pertinent to the question.

If a further proceeding has been had in the court below, in a case pending here on error, the only primary evidence of such proceeding is the record of that court.

The plaintiff in error also objects that the certificate of the clerk of the Superior Court to that supplemental record is insufficient, in that the name of that plaintiff is abbreviated to "Chicago F. G. A. Co."

In the body of the supplemental record, the title of the cause is as in the certificate to the original record, viz., "Sherman S. Jewett et al.," and "Chicago Fuel Gas Appliance Co.," except that "company" is written out in full in the body aforesaid, and not in the certificate.

Now, if in the certificates to records from the lower courts, no abbreviations are permissible, the plaintiff in error is as badly off as the defendants in error, and we can not review the judgment; but if abbreviations are permissible, then the meaning is as unmistakable in one as the other, and in the language of a learned brother, the plaintiff in error may "take either end of the horn of the dilemma."

All other points are answered by World's Columbian Exposition v. Scala, 55 Ill. App. 207.

The judgment is affirmed.