## Polly A. Trower v. H. J. Wehner et al., Partners, etc.

1. Landlord and Tenant—*Obligation of Landlord to Repair.*—As to that portion of a building and appurtenances over which he retains control, a landlord must be held to also retain the responsibility to keep the same in reasonable repair so as to protect his tenants in such building from loss or injury.

**Trespass on the Case,** against a landlord for failure to repair a roof. Appeal from the Circuit Court of Moultrie County; the Hon. Francis M. Wright, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

John R. & Walter Eden, attorneys for appellant.

Harbaugh & Whitaker, attorneys for appellees.

Mr. Justice Glenn delivered the opinion of the Court.

This is an action on the case, brought by appellees to recover for injury to their goods, caused by the neglect and failure of appellant to keep the roof of a building in proper repair, so as to prevent leakage in a room on the first floor,

occupied by them as a clothing store, under a lease from appellant.

· On the first day of October, 1895, appellant leased to appellees by a written lease duly executed, the lower room of the three-story brick building, on the south side of the public square, situated on lot three, block seventeen, in the city of Sullivan, county of Moultrie, State of Illinois, for the term of five years, commencing on the first day of October, 1895, for the annual rental of $300. This lease contained the usual covenant to repair by the lessees, that is, "that at the expiration of the time mentioned in this lease, peaceable possession of said premises shall be given to said party of the first part in as good condition as they now are, the usual wear, inevitable accidents and loss by fire excepted."

On the night of the sixth of June, 1896, a wind and rain storm of considerable violence came up and beat upon the roof of this building and tore off a patch of the roof, and the rain ran through the roof into the rooms on the third and second floors, and from there into the room on the first floor, on appellees' goods, and damaged them. On the trial of the case in the court below, the jury assessed appellees' damages at $200.

By the terms of this leasing appellees acquired no right to or control over any part of the building except the room on the first floor, and as to this room they entered into a covenant with appellant to keep it in repair. The fair implication from this express undertaking on the part of appellees is that the lessor undertook to keep the residue of the building in repair. Bissell v. Lloyd, 100 Ill. 214. It appears from the evidence that appellant, by her agent, repeatedly had the roof repaired, between the time appellees' time commenced and the time the injury complained of was sustained. This is a convincing circumstance that appellant retained control of the building. The landlord therefore having retained the control over the roof, can not be exonerated from the responsibility to keep it in a reasonably safe and secure condition. As to that portion of the

building and appurtenances over which he retains control, he must be held to also retain the responsibility to keep the same in reasonable repair so as to protect his tenants in such building from loss or injury. Payne v. Irvin, 144 Ill. 482; Priest v. Nichols, 116 Mass. 401.

It is disclosed by the evidence in this case that the roof was one that could not well be repaired without the use of new tin; it was full of holes and rusted out, and this place could not be stopped, from which it would seem the roof was not kept in a reasonably safe and secure condition. Whether the damages sustained by appellees was caused by appellant negligently failing to keep the roof in a reasonably safe and secure condition, or by reason of an unusual storm, against which ordinary care and prudence could not provide, were both questions of fact fairly presented to the jury with proper instructions, and we think their finding is clearly sustained by the evidence. We hold that the well-settled rule that a landlord is not bound to keep the premises of his tenant in repair without an express covenant to that effect, and therefore can not be held responsible for negligence if out of repair, and damages accrue in consequence thereof, has no application to the facts presented in this case, and consequently the court did not err in giving appellees' first and second instructions, or in refusing appellant's first, third, seventh, and eighth instructions. If the injury causing the damages had been the result of the room on the first floor not having been kept in a reasonably safe and secure state of repair, then appellant could have rightfully invoked the foregoing rule.

The record in this case being substantially free of error, and substantial justice having been done, the judgment of the Circuit Court will be affirmed.