## Merchants Loan & Trust Company, Executor, etc., v. Mary Boucher.

### Gen. No. 11,421.

1. STATUTE OF LIMITATIONS—*how issue as to, determined.* Where in an action on the case for personal injuries a plea of the Statute of Limitations is interposed to an amended declaration, and a replication filed to such plea, a mixed question of law and fact is presented; it is for the jury to determine when the injury occurred and for the court to decide

whether the suit was commenced at the time summons issued or at the time the amendment to the declaration was made.

2. LANDLORD—*when, liable for personal injuries.* Held, from the particular evidence in this case, that the landlord was negligent in the construction and maintenance of the railing upon a certain stairway within his control, and that his tenant, injured as a result thereof, was entitled to recover.

3. LANDLORD—*duty of, with respect to portion of premises under his control.* A landlord owning an apartment building is not an insurer and is bound only to the exercise of reasonable care in the construction of and the selection of the material for the portion of the premises under his control, and for its maintenance in a reasonably safe condition.

4. REPAIRS—*when admission of evidence showing making of, after accident, is erroneous.* Where evidence is admitted that four years after an accident the condition which caused the same was removed by repairs, reversible error is committed.

5. ADMISSION OF EVIDENCE—*when error in, is not cured.* The mere fact that after the erroneous admission of evidence received over the objection and exception of the complaining party, like evidence is received without any objection or exception, will not cure the original error.

6. ADMISSION OF EVIDENCE—*when, cannot be complained of.* The admission of particular evidence cannot be complained of as erroneous by a party who has induced the court to receive like evidence upon his part.

7. EXPERIMENTS—*when, incompetent.* Evidence of experiments is erroneously admitted in an action on the case for personal injuries, where it does not appear that the circumstances and surroundings at the time they were made were the same as on the day of the accident. (See reporters' note.)

8. CONDITIONS AFTER ACCIDENT—*when, incompetent.* The admission of evidence showing conditions at the place of the accident the day after the same occurred, is erroneous without showing that there had been no change in the situation in the meantime.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed June 30, 1904.

**Statement by the Court.** Appellee was injured February 20, 1899, by falling from a stairway in a large flat or apartment building, owned by P. J. Sexton, at Chicago avenue and Cass street, in the city of Chicago, by reason of an alleged defective or improperly fastened railing along the side of said stairway. Appellee was a tenant, by a written

lease, of Sexton at the time, of a suite of rooms or an apartment in said building, known as No. 9, and occupied it as a residence. She brought suit for her injuries January 28, 1901, filing her declaration, and recovered a verdict and judgment thereon of $3,000 against Sexton, who prosecuted this appeal. Since the appeal was taken, Sexton died, and the appellant, as his executor, has been substituted in his stead.

October 18, 1902, which was more than two years after appellee's injuries, she filed an amendment to her declaration, in which is set out *in haec verba*, the lease from Sexton to appellee of her apartment, to which Sexton pleaded the general issue and the Statute of Limitations of two years. She thereafter filed a further amendment to the declaration, and later on, December 23, 1902, filed an engrossed declaration, to which Sexton pleaded the general issue and a plea of the Statute of Limitations of two years, in which it is alleged that the "several supposed causes of action in said engrossed declaration, and each count thereof mentioned, did not, nor did any or either of them, accrue to the plaintiff at any time within two years next before the commencement of this suit in manner and form as the plaintiff has above complained against it." Appellee took issue upon each of these pleas. Later, and during the progress of the trial, appellee amended her engrossed declaration, to which Sexton interposed the plea of general issue, and a plea of the Statute of Limitations of two years, having the same allegation as in its former plea of the statute down to and including the words "this suit," when it proceeds as follows: "To wit, the filing of said engrossed declaration as amended July 14, 1903, in manner and form," etc., to both of which said pleas it was ordered that the replication filed January 16, 1903, stand as replications to the last mentioned pleas. Upon the issues thus made the trial was had.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant asked an instruction that the jury find him not guilty, which requests were respectively denied and exceptions preserved.

Among other instructions given for the appellee is the following, to wit:

9. " The court instructs the jury that if they believe from the evidence that on the date of the accident to the plaintiff complained of, the plaintiff was occupying apartment number nine in the St. Benedict Apartment Building, under and pursuant to the written lease from the defendant to the plaintiff here in evidence, and that the defendant was possessed of and owned and controlled the apartment building in question, and maintained in the control of the defendant in said building a public stairway and platform, forming a means of exit and entrance to and from the basement of said building immediately under said apartment number nine, and a balluster or railing along said platform, and that said stairway and platform and balluster or railing were not a part of any of the leased portions of said building, and that the defendant, while so in possession and control of said stairway, platform and balluster or railing, neglected to keep said balluster or railing in a reasonably safe condition and repair, whereby the plaintiff, while in the exercise of due care for her own safety and without negligence on her part was injured, then the jury should find the issues for the plaintiff, and proceed to assess the plaintiff's damages in accordance with other instructions of the court."

Among instructions given for the defendant was the following, numbered two, which the court gave in modified form, the modification being the words in italics, as follows:

" The jury are instructed that the defendant was not an insurer of the safety of the premises in question, nor bound to keep said premises in an absolutely safe condition, *but if he was in control of them, he was bound to keep them in a reasonably safe condition.*"

William J. Hynes and Edward C. Higgins, for appellant.

Jacob J. Kern and John A. Brown, for appellee; Lloyd C. Whitman, of counsel.

Mr. Justice Windes delivered the opinion of the court.

The first claim of appellant is that on the issue of fact, no demurrer having been interposed to the plea of the

Statute of Limitations to the amended engrossed declaration, the court should have instructed the jury to find a verdict for the defendant. The same question, in effect, was presented in the case of Chicago City Ry. Co. v. McMeen, 206 Ill. 108, and was decided against the contention here made, the court holding that the issue presented upon a plea and replication such as the one in this case was a mixed question of law and fact, and that it was for the jury to determine when the injury occurred, and for the court to determine whether the suit was commenced at the time the summons issued or at the time the amendment to the declaration was filed. So in this case, the jury must have found, as the evidence showed, that the injury to appellee occurred on February 20, 1899, and the court must have found that the suit was commenced at the issuance of the summons, January 28, 1901, which was within the time limited by the Statute of Limitations, otherwise it would have directed a verdict for the defendant. We think clearly that the amended, engrossed declaration is but a mere restatement in more specific terms of the cause of action set out in the original declaration. Indeed it is not claimed that the amended engrossed declaration states a different cause of action from that stated in the original declaration.

It is also claimed that upon the evidence under the issue presented by the plea of not guilty, the court should have directed a verdict as requested. We think not, because of the facts to which reference will be made later. The evidence presents questions of fact for the jury as to the alleged negligence of Sexton with regard to the construction and maintenance of the railing in question, and as to appellee's care.

In substance, among other things not necessary to be detailed, the evidence shows that, at the time of her injury, appellee was a tenant of Sexton of a suite of rooms in his flat or apartment building in Chicago, which was used as her residence. The building had a large number of apartments in it similar to those of appellee, and had laundries in the basement for the different apartments, which were

used in common by the different tenants on different days in the week, as arranged with them and directed by Mr. Sexton's janitor. These laundries were reached from the apartments above by a back stairway. There was also an elevator in the building in close proximity to this stairway, and which was reached at the different floors of the building by doors in the elevator shaft. About midway between the basement where the laundries were situated, and the first floor above, on which was appellee's apartment, was a landing or platform in the stairs, which was used for the purpose of loading freight upon and removing the same from the elevator. Extending along the side of the stairway, that is, from one end of this platform to the other, was a railing made of oak timber, dressed, about two by four inches and three and one-half feet long, which was fastened at one side of the platform by an iron strap hinge and at the other side of the platform its end rested upon a cleat or block fastened to an upright or post support of the stairway, and when not in use was fastened to this upright by means of a sliding iron bolt which passed into a hole in the upright. On the day of the injury appellee came from her apartment down the stairway to this landing or platform, and, having occasion to speak to a girl in the laundry below, stooped or leaned over the railing in question, either for the purpose of seeing the girl or so that the latter could hear appellee's voice better, when the railing gave way and she fell to the floor below, a distance of about four feet and eight inches, which resulted in the injuries sued for. The evidence, though conflicting, tends to show that appellee was in the exercise of ordinary care, and that Sexton was negligent in the construction and maintenance of the railing, and we are unable to say, after a careful reading of the evidence, that the court committed any error in denying the request to take the case from the jury.

Against the objection and exception of defendant's counsel, the court permitted evidence on behalf of appellee, showing that at the time of the trial, more than four years

after the accident, there had been placed on the stairway, instead of the wooden railing in question, an iron railing. This is reversible error.   Hodges v. Percival, 132 Ill. 53–56; Howe v. Medaris, 183 Ill. 288–295, and cases cited; City of Taylorville v. Stafford, 196 Ill. 288–290.   It is true that the same witness subsequently testified without objection to this change in the railing, but that does not obviate the error in the previous ruling.

Against the objection and exception of defendant's counsel the court permitted a witness to testify that on the day of the trial he had made certain observations and experiments at the place of the accident, the result of which would tend to show, as it is claimed, the manner in which the accident occurred.   This we think was error, because it does not appear from the record that the circumstances and surroundings at the time the experiments were made, were the same as on the day of the accident.   Appellant is, however, in no position to complain of the admission of this evidence, because defendant offered, and the court received on his behalf, evidence of like experiments.   Whalen v. Stephens, 92 Ill. App. 236, affirmed 193 Ill. 121–32.   The same witness was also permitted, against objection, to testify as to the condition of the railing on the day after the accident, without showing that there had been no change in the situation in the meantime.   This was also error.

Numerous other objections as to rulings on evidence are made, all of which we have examined, but we think none of them present any ground of reversal.

Instruction 9, given on behalf of appellee, and instruction 2 requested by the defendant, but modified, and given as modified, and quoted in the statement, we are of opinion are erroneous and cause for reversal, in that they, in effect, tell the jury that the defendant was an insurer against injuries to his tenant by reason of the alleged unsafe condition or faulty construction of the railing in question.   This imposes a higher duty upon the landlord than is required by law, which, at most, under the evidence in this case, is that he should have exercised reasonable care in the construction

of, and the selection of materials for, the railing in question, and of its maintenance in a reasonably safe condition. Payne v. Irvin, 144 Ill. 482; Bissell v. Lloyd, 100 Ill. 214; Trower v. Wehner, 75 Ill. App. 655–7; Schwandt v. Metzger L. O. Co., 93 Ill. App. 365, and cases cited; Leiferman v. Osten, 64 Ill. App. 578, affirmed in 167 Ill. 93; Wilcox v. Zane, 167 Mass. 302–6, and cases cited; McGinley v. Alliance T. Co., (Mo.), 56 L. R. A. 334–7, and cases cited; 18th Am. & Eng. Ency. Law, 220 and 221, and cases cited.

There is some conflict in the authorities, many of which are referred to in the cases cited, and in Kreuger v. Ferrant, 29 Minn. 385, especially relied on by appellant, but we think the rule as laid down by our Supreme Court and this court, in substance as above stated, is the better and more reasonable.

In the Payne case, *supra*, the court say: "The landlord, as to that portion of the building and appurtenances over which he retains control, must be held to also retain the responsibility to keep the same in reasonable repair in respect of all persons, including the tenants of the building."

In the Schwandt case we stated the holding of certain cases cited in Taylor on Landlord and Tenant, in support of the author's text, to be that "where rooms in a building are leased to different tenants, the landlord is bound to use reasonable care to keep the common staircase in repair, and failing to do so, he is liable for injuries resulting to one of the tenants by reason of defects in the staircase." Such we believe to be the rule in this state, as well as by the weight of authority.

The author in the Am. & Eng. Ency., above cited, states the law as follows: "The rule laid down by the weight of authority is that where the landlord leases separate portions of the same building to different tenants and reserves under his control those parts of the building or premises used in common by all the tenants, he is under an implied obligation to use reasonable diligence to keep in a safe condition the parts over which he so reserves control."

The evidence here shows that the building in question

was composed of a large number of flats leased to different tenants; that defendant's janitor and agent had general charge of the building, made daily use of the railing in question and of the elevator by transferring goods of incoming and outgoing tenants from the platform to the elevator, and *vice versa*, and his janitor was daily sweeping and cleaning in and about the building. The stairway in question was used in common by the several tenants of Mr. Sexton as a means of access to and egress from the respective apartments demised to them. The fact that the lease does not require the landlord to keep the demised premises in repair, but makes that the tenant's duty, does not affect the question, because the stairway was not a part of the demised premises. The tenant only had a right of passage thereon or easement therein, and had no duty as to its repair.

We are of opinion that the rule as above stated applies to the facts of this case, and that the instructions to the jury should have been in accord therewith.

Very many criticisms are made as to the court's rulings upon instructions with regard to appellee's instructions 1, 2, 4, 5 and 8, given, in the modification of and giving as modified an instruction numbered 1, for the defendant, and in the refusal of instructions Nos. 1, 2, 3, 4 and 5. We have examined all these instructions, and while some of them are subject to criticism, we think that none of them, except instructions 4 and 8, given for appellee, present any ground of reversal for the reasons specified in the argument of appellant's counsel. We think the 4th instruction of appellee is somewhat involved in its reference to the "number of witnesses," as well as in its reference to the "surrounding circumstances appearing on the trial." Strictly, the circumstances which the jury were to consider should be shown by the evidence, but they possibly may have inferred otherwise from this instruction. By appellee's eighth instruction it should be made clear, and not left to inference, that the personal injuries for which the jury might award damages were such as resulted from the neg-

ligence alleged in the declaration and shown by the evidence in the case.

Other questions presented and argued by counsel need no specific mention, since, upon another trial, any errors in the matters complained of may be avoided.

For the errors referred to in rulings upon evidence, in giving appellee's instruction No. 9, and in the modification to appellant's instruction No. 2, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*

REPORTERS' NOTE. A note pertaining to the admissibility of experiments will be found in 112 Ill. App. 111.