## Fred Rehbach v. Theodore Vogt.

1.  LANDLORD—*obligation of, to keep roof in repair.*  The duty of a
landlord to keep the roof of premises demised in repair is not absolute.
The most that is required of him is the exercise of ordinary care in dis-
covering the need of and making the necessary repairs.

Action commenced before justice of the peace.  Appeal from the
City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presid-
ing.  Heard in this court at the August term, 1905.  Affirmed.  Opin-
ion filed March 22, 1906.

W. M. VANDEVENTER and W. E. KNOWLES, for appellant.

McHALE & SUMNER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On June 9, 1902, appellee, by written lease, rented the
lower story and basement of a two-story brick building in
East St. Louis to appellant for five years, for the purpose
of carrying on his business of cleaning and dyeing.  The
second story of the building was rented to and occupied by
one J. B. Britton.  In the portion occupied by Britton,
there was a bath room from which there was a vent pipe
leading up through and projecting above the roof of the
building.  In the latter part of January, 1904, there was a
severe storm of snow and rain, followed by thawing weather.
The water on the roof found its way down or along the
vent pipe to the second story of the building, and thence
down into the first story and basement, occupied by appel-
lant, wetting his goods and mixing with and injuring his
dyes.  He brought suit against appellee for damages be-
fore a justice of the peace and the case was afterwards
taken to the City Court of East St. Louis, where there was
a trial by jury followed by a verdict and judgment in favor
of appellee.

The principal contention of appellant is that the court
gave improper instructions on the part of appellee.  The
lease in question contained no express contract on the part
of appellee, the lessor, to make any repairs whatever.  The

first instruction given for appellee told the jury if they found at the time of the leasing, the roof was in good repair, that Vogt did not know of the lack of repair and could not, by the exercise of ordinary care and diligence, discover any lack of repairs before the damage complained of occurred, he was not liable for any damage the plaintiff may have suffered by reason of any lack of repairs; and the second, that in the absence of a contract to repair, Vogt was under obligation to use only ordinary care and diligence in caring for the part of the building under his control; that if he had control over the roof and used ordinary care and diligence in caring for it, he would not be liable for any damages suffered by the plaintiff.

Appellant contends that it was the duty of the landlord to keep the roof in a reasonably safe and secure condition; that he had control over the roof and could not be exonerated from the responsibility of keeping it in a reasonable state of repair, and the court gave instructions for appellant containing his theory of the law. The question is whether, under this lease, appellee was required only to use ordinary care and diligence in discovering and repairing defects in the roof, or whether, as claimed by appellant, he undertook absolutely to keep the roof in a reasonable state of repair, that is, insured the keeping of the roof in such condition.

We are of opinion that the instructions given for appellant imposed a higher duty upon the landlord than is required by law; that the only duty required of the landlord, under the evidence in this case, was that he should use ordinary care and diligence in discovering the need of and making necessary repairs upon the roof. The instructions given for appellee above referred to stated a correct principle of law and were properly given. Merchants L. & T. Company v. Boucher, 115 Ill. App. 101.

The fourth instruction given for appellee told the jury that if the leak in the building occurred by reason of an accident or on account of something which the landlord Vogt could not, by the exercise of reasonable care and dil-

igence, guard against, appellant could not hold him for damages. Following the rule above laid down we are of opinion there was no error in this instruction.

Appellant complains that the court permitted evidence tending to show that the building was in good condition prior to the time the water entered, as complained of by appellant. The objection made is that it is immaterial what steps the landlord took to ascertain the condition of the roof prior to the time named, as it was his duty to keep the roof in a reasonable state of repair regardless of the fact whether he had previously used diligence in ascertaining the condition of the same or not.

We are of opinion it was proper for the court to admit the evidence as bearing upon the question of the previous care and diligence used by appellee to ascertain the condition of and keep the roof in repair.

The case appears to us to have been fairly submitted upon the law, and as the facts disclosed by the evidence were sufficient to support the verdict, the judgment of the court below will be affirmed.

*Affirmed.*