## SYLVESTER G. ABBOTT
### v.
## JOHN KRUSE.

*Forcible Detainer—Complaint—Absence of—Appeal.*

1. In forcible detainer before a justice, a complaint in writing is jurisdictional, and if the justice had no jurisdiction of the case the court on appeal has none.

2. Unless in such case it is made to appear that a complaint was filed with the justice, and that complaint brought into the court appealed to, or if lost, its loss supplied, the case must be dismissed.

3. Until a court gets jurisdiction of an appeal from a justice by the necessary papers being on file, it can not dismiss the appeal.

4. The statement in the transcript that a summons was issued on complaint of the plaintiff, does not warrant a conclusion that a sufficient complaint in writing was filed with the justice.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. CHARLES H. HOGLUND, for appellant.

The action of forcible detainer is a special statutory proceeding, summary in its nature and in derogation of the common law, and it is a rule of universal application in such actions that the statute conferring the jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the

jurisdiction will fail to attach, and the proceeding will be *coram non judice* and void. * * * A demand for possession must be made before the commencement of the action; a complaint in writing must be filed before summons issues." Willer v. French, 27 Ill. App. 77.

And on appeal to the Supreme Court the opinion of the Appellate Court was adopted and judgment affirmed. Willer v. French, 126 Ill. 611.

Does the record disclose jurisdiction of the subject-matter in the justice? The transcript recites that on complaint of John Kruse, etc., *non constat* a written complaint, and the record discloses no complaint, nothing is within the jurisdiction of a court of limited and inferior jurisdiction but that which expressly so appears on the face of their proceedings. Burns v. Nash, 23 Ill. App. 552.

And the presumption being that such courts have no jurisdiction, therefore the justice had no jurisdiction in this case.

The certificate of the justice recites that the transcript and the accompanying papers contain a full and perfect statement of all the proceedings before him, and as no papers accompanied the transcript and none were filed in the Superior Court, therefore it appears inferentially, if not expressly, that the justice had no jurisdiction.

If it should be conceded that a sufficient complaint was filed before the justice, that complaint never having been filed in the Superior Court, that court had no jurisdiction of the subject-matter and could not dismiss the appeal. Reed v. Driscoll, 84 Ill. 96.

In the case of Burns v. Nash, 23 Ill. App. 552, the court says:

" The Circuit and Superior Courts of Cook County in taking cognizance of cases under the statute of forcible entry and detainer exercise a special statutory and extraordinary power, and stand upon the same ground, and are governed by the same rules as courts of limited and inferior jurisdiction. In such case nothing is within the jurisdiction but that which expressly so appears upon the face of their proceedings."

Therefore the Superior Court had no power to dismiss the appeal until a sufficient complaint was on file.

Mr. JOHN McGAFFEY, for appellee.

GARY, J.    It is with great reluctance that we reverse this judgment, but we are driven to it by the logic of cases decided by the Supreme Court.    The case is forcible detainer, commenced by the appellee before a justice, and appealed by the appellant to the Superior Court.    The clerk certifies to this court a complete transcript of the record in the Superior Court, and in that record there is no complaint as required in such an action.    The appeal bond was filed with the justice November 12, 1888, and in the clerk's office November 19th, but the transcript was not filed in the Superior Court until March 21, 1889, and then, so far as appears, without any summons or complaint.    April 7, 1890, the case was called for trial and the appeal dismissed for want of prosecution. May 3, 1890, the appellant moved to set aside the dismissal, and filed an affidavit that there had never been on file in the court, any complaint.    As it does not appear who took the transcript from the office of the justice, nor what, if any, papers accompanied it, the appellant may easily have had positive knowledge of the negative to which he swore.

In forcible detainer before a justice, a complaint in writing is jurisdictional.    Schaumstoeffel v. Belm, 77 Ill. 567; Stolberg v. Ohnmacht, 50 Ill. 442; Center v. Gibney, 71 Ill. 557.

And if the justice had no jurisdiction of the case the court on appeal had not.    Stolberg v. Ohnmacht, 50 Ill. 442.    The case and not the appeal, as the record stood, was subject to dismissal.    Unless it was made to appear that a complaint was filed with the justice, and that complaint brought into the Superior Court, or if lost, its loss supplied as pointed out in Reed v. Driscoll, 84 Ill. 96, that was the only course the case could take.

Until the court gets jurisdiction of an appeal from a justice by the necessary papers being on file, it can not dismiss the appeal.    Reed v. Driscoll, 84 Ill. 96.

The statement in the transcript that a summons was issued " on complaint of John Kruse," does not warrant a conclusion that a sufficient complaint in writing was filed with the justice. In our judgment it ought to be the law that an appellant from

a justice to a court of record should there perfect his appeal by filing all the papers as well as transcript, as he must file in the Supreme Court or this court a complete record, or his appeal should be dismissed; but the rule is so settled the other way that it can be changed only by legislation.

The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*