Redfern v. Botham.

## Sarah Ann Miller Redfern v. Thomas H. Botham.

1. FORCIBLE DETAINER—*Complaint Necessary to Jurisdiction in.*— A written complaint is necessary to the jurisdiction of a justice of the peace in forcible detainer proceedings, and unless the justice has jurisdiction, the Circuit Court, on appeal, has none.

2. SAME—*Showing Necessary as to Filing of Complaint.*—The statement in a transcript of a justice of the peace of a " complaint filed," is not sufficient to take the place of the writing that the statute requires to be filed with the justice in order to confer jurisdiction in forcible detainer proceedings.

3. BILL OF EXCEPTIONS—*When Unnecessary.*—Where want of jurisdiction appears on the face of the record, it is not necessary that a bill of exceptions should be preserved, nor that anything which finds its appropriate place outside of the record proper should be made to appear.

Transcript, from a justice of the peace in forcible detainer proceedings. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 24, 1897.

JAMES N. TILTON, attorney for appellant.

O'DONNELL & COGHLAN, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

An action, which the evidence shows was in forcible detainer, was begun before a justice of the peace by the appellee against a " Mrs. Redfern " as defendant, and upon appeal to the Circuit Court leave was given to amend by changing the name of the defendant to that of the appellant, and a judgment for restitution of certain premises being there rendered, this appeal has followed.

The transcript of proceedings before the justice of the peace shows a " complaint filed," but no complaint in writing as required by the statute, or paper purporting to be one, was transmitted by the justice to the Circuit Court, and in that court no proof was made or offered that a written complaint ever did exist and no steps were taken to restore it if

254 APPELLATE COURTS OF ILLINOIS.

VOL. 70.] S. Chicago City Ry. Co. v. Calumet Electric St. Ry. Co.

lost. The statement in the transcript, of a "complaint filed," is not sufficient to take the place of the writing that the statute requires must be filed with the justice in order to confer jurisdiction. A written complaint is necessary to the jurisdiction of the justice in forcible detainer proceedings, and unless the justice has jurisdiction, the Circuit Court on appeal has none. Chap. 57 Ill. Rev. Stat., Sec. 5; Abbott v. Kruse, 37 Ill. App. 549.

The want of jurisdiction appeared on the face of the common law record, and it was not necessary that a bill of exceptions should have been preserved, nor that anything which finds its appropriate place outside of the record proper should be made to appear.

The judgment must be reversed and the cause remanded, in order, if possible, that jurisdiction may be shown to have existed as a foundation for a valid judgment.