## Seth Gibbs v. Walter J. Van Derslice.

### Gen. No. 13,317.

1. PEREMPTORY INSTRUCTION—*when transcript does not show giving of.* A recital in the bill of exceptions that the court instructed the jury as follows, does not show that the court actually peremptorily instructed the jury:

"And now at the close of all the evidence comes the plaintiff and moves the court to give to the jury the following instruction: 'The court instructs the jury to find the issues for the plaintiff and return a verdict finding that the defendant, Seth Gibbs, is guilty of unlawfully withholding possession of the premises described in the complaint herein from the plaintiff, Walter J. Van Derslice.'"

2. FORCIBLE DETAINER—*when service of demand for possession sufficient.* Notwithstanding a notice may be addressed to two parties, it is sufficient if it is served upon the one upon whom the demand should have been made.

3. FORCIBLE DETAINER—*function of complaint.* In an action of forcible detainer instituted before a justice, the complaint is jurisdictional, but after the appeal the absence of the complaint may be supplied if a complaint existed before the justice.

4. FORCIBLE DETAINER—*effect of informality in complaint.* An informality in a complaint in an action of forcible detainer does not invalidate the judgment after a trial has been had on the merits.

Forcible detainer. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed May 31, 1907.

HENRY J. GIBBS and JAMES N. TILTON, for appellant.

JOHN A. IRRMANN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal by Seth Gibbs, the defendant below, from a judgment of restitution of certain premises known as number 1141 North Fortieth avenue, in favor of Walter J. Van Derslice, the plaintiff below.

The action, which was one of forcible detainer, was begun by Van Derslice before a justice of the peace

against Seth Gibbs and Mrs. J. Gibbs. The transcript from the justice's docket filed in the Circuit Court recites that a complaint was filed August 16, 1905, and summons ordered and issued on that day. The summons was served on both defendants by leaving a copy thereof with Mrs. J. Gibbs at the last and usual place of abode of both defendants and informing her of the contents thereof.

Before the case was tried, at least before judgment was asked or rendered, the plaintiff dismissed the suit against Mrs. J. Gibbs. The plaintiff and the defendant, Seth Gibbs, being in court, witnesses were sworn and examined, and the justice found that said Seth Gibbs was guilty of forcible detainer of the premises described in the complaint and gave judgment in favor of the plaintiff, Van Derslice, against said defendant, Seth Gibbs, for restitution of the premises described in the complaint and for costs. From this judgment the defendant appealed to the Circuit Court. In the Circuit Court the case came on to be heard before the court and a jury at the March term, A. D. 1906. Evidence was there heard, and witnesses sworn and examined on the part of both plaintiff and defendant. The record states that after all the evidence was introduced, the court instructed the jury in behalf of the plaintiff as follows:

"And now at the close of all the evidence comes the plaintiff and moves the court to give to the jury the following instruction: The court instructs the jury to find the issues for the plaintiff and return a verdict finding that the defendant, Seth Gibbs, is guilty of unlawfully withholding possession of the premises described in the complaint herein from the plaintiff, Walter J. Van Derslice."

This statement of the record may technically import verity, but it is on its face absurd. The court probably instructed the jury to find the issues for the plaintiff, etc., but it did not instruct them merely that the plaintiff moved for that instruction. If it did, of course, it was equivalent to no instruction at all. If we

were forced to a conclusion in this case, that the court ought not to have instructed the jury peremptorily, but should have left it to decide for itself the issues, we could not, from this record, assume that the jury had been so peremptorily instructed. But we do not think that such an instruction would have been error. The jury, whether it is to be considered instructed or uninstructed, found a verdict for the plaintiff and that the defendant, Seth Gibbs, was guilty of unlawfully withholding possession of the premises described in the complaint. A motion for a new trial was overruled by the court and judgment was given on the verdict, from which judgment the present appeal was taken.

The first objection to the judgment made by appellant is that no demand, as required by the statute, was served upon Seth Gibbs. The notice addressed to both Seth Gibbs and his mother, Mrs. J. Gibbs, was served by one F. A. Cummings, by leaving one copy with Mrs. J. Gibbs. "The presumption is," the appellant's counsel says, that "he served it on her for herself and not as service upon appellant." The case of Bell v. Bruhn, 30 Ill. App. 300, is directly in point against this contention. What the court said was true in that case is true in this: "Notwithstanding the fact that it was addressed to both of them, the service was precisely such as the statute requires if it had been addressed to him alone, and it is to be presumed he got it."

The second objection of appellant is that there is no proof that there was a complaint ever in existence. The existence of a complaint being jurisdictional (Redfern v. Botham, 70 Ill. App. 253), there can be, under these circumstances, no valid judgment, counsel say.

The Circuit Court allowed a complaint to be restored to its files, on the theory that such a complaint had existed in the justice court, and been lost after being sent to the Circuit Court. The transcript from the justice recited that a complaint had been made be-

fore him. There was a certificate of the justice for
the Circuit Court that the transcript *and papers ac-
companying* it contained a full and perfect statement
of all the proceedings before him. There was evidence
the judge of the Circuit Court found that a paper had
been attached to the transcript and he presumed it to
be the complaint. Such presumption was unneces-
sary, we think, however. It was the jurisdiction in
the justice which required the complaint. On appeal
the absence in the Circuit Court of the actual com-
plaint filed before the justice is not fatal. Proof may
be made there *was* such a complaint, and its loss or
absence supplied.

This is what this court implied in Redfern v.
Botham, *supra,* and in Leiferman v. Osten, 64 Ill. App.
578, and it is exactly what was done in the case at bar,
by the testimony of the witness Cummings, and was
sufficient.

Another objection is that the complaint as restored
was signed by Cummings and not Van Derslice. The
complaint may be presumed, in absence of proof to
the contrary, to have been autographic by Cummings.
The writing of his name by himself, with a description
of his capacity, in the body of this instrument, may
be considered in connection with the signature to show
both that capacity and the fact that it was brought
to the attention of appellant. The complaint may be
made by an agent. Patterson v. Graham, 140 Ill. 534.

If the complaint was informal, it does not invalidate
the judgment after a trial on the merits had under it.
Willerton v. Shoemaker, 60 Ill. App. 127.

Finally, it is insisted that on the merits the cause
was wrongly decided, that the rent was paid until
September 4, 1905, and that no right of dispossession
under a five days' notice existed. We do not think
it necessary to detail or discuss the argument by
which this contention is sought to be sustained. It is
ingenious, but not sound. It rests on the receipt
which Ellis gave August 8, 1905. Even the purported
signature of a receipt may be explained.

The fact appears plainly enough that the defendants were in arrears for rent due to Van Derslice, and the court was right in instructing the jury, as we suppose he did, to find for the plaintiff. As we have said, however, the record importing verity, does not contain anything which shows that the jury were not left free to decide. Assuming that they were, they decided right.

The judgment of the Circuit Court is affirmed.

*Affirmed.*