## Pasquale Stillo, Appellee, v. Joseph M. Pelletiere.

### Gen. No. 13,898.

FORCIBLE ENTRY AND DETAINER—*when court without jurisdiction to enter judgment in.* The Circuit Court is without jurisdiction to enter judgment in an action of forcible entry and detainer where no complaint is on file.

Forcible entry and detainer. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed April 3, 1908.

Stillo v. Pelletiere.

THOMAS W. BROWN and ROCCO DESTEFANO, for appellant.

GEORGE A. B. PFUHL, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal by the defendant from a judgment of the Superior Court in forcible entry and detainer entered February 4, 1907. The cause was pending in the Superior Court on an appeal from a justice of the peace. At the time the judgment was rendered there was on file a transcript of a judgment before Robert L. Campbell, justice of the peace, which recited that the case came into his court on a change of venue from Justice A. F. Keeney. The record shows that there was no other paper on file except the appearance of an attorney for the plaintiff. The transcript showed no complaint or summons. The defendant was not present at the trial.

Ten days after the judgment was entered the complaint and summons and a certified copy, so-called, of the transcript of the proceedings in the cause before Albert F. Keeney, the justice of the peace before whom the cause was commenced, was presented to the court, and on motion of the plaintiff it was ordered that the complaint, summons and certified copy of the transcript be filed.

The record shows that the cause was tried and judgment was entered without any complaint on file, and without any transcript showing the complaint, or that any complaint had been filed before the justice. According to the decisions of this court and the Supreme Court it is essential that both the justice's transcript and the papers filed with him, including the complaint in a forcible entry and detainer action, should be on file in the court to which the appeal is prosecuted in order to give that court jurisdiction of the subject-matter of the action. Stolberg v. Ohnmacht, 50 Ill. 442;

430     APPELLATE COURTS OF ILLINOIS.

VOL. 140.]   Tenn. Packing & Provision Co. v. Fitzgerald.

Redfern v. Botham, 70 Ill. App. 253; Abbott v. Kruse, 37 Ill. App. 549; Evans v. Bouton, 85 Ill. 579; Sheridan v. Beardsley, 89 *id.* 477. The judgment was null and void.

In our opinion the filing of the papers on February 14, 1907, did not aid or confer jurisdiction to hear and determine the case on February 4, 1907. A void judgment at the time it was entered could not be validated ten day afterwards by filing the papers necessary to give the court jurisdiction of the subject-matter of the action.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*