## Katherine L. Gage, Appellee, v. Herman Weineck et al., Appellants.

### Gen. No. 14,987.

1. FORCIBLE ENTRY AND DETAINER—*what essential to jurisdiction of Circuit Court upon appeal.* In an appeal from a justice's judgment in an action of forcible entry and detainer, the jurisdiction of the Circuit Court does not attach until the complaint filed before the justice has been filed in such Circuit Court.

2. JUDGMENTS—*what essential to validity.* A judgment is erroneous which upon the face of the record is not responsive to or based upon the verdict and which is not sustained by the verdict.

3. AMENDMENTS AND JEOFAILS—*power of court to amend judgment.* Notwithstanding an appeal and notwithstanding the lapse of several terms after the judgment term the trial court has power, on due notice to the parties interested, to amend or correct its

judgment pursuant to a memorial so as to make it speak the truth when by clerical misprision, as shown by such memorial, it does not speak the truth.

Forcible detainer. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed April 20, 1909.

E. F. MASTERSON, for appellants.

JAMES R. WARD, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

A motion is made by appellants for an order striking from the files of this court a portion of the record, called the "1st amended record", filed in this court on February 2, 1909. This record shows that on January 8, 1909, a certain complaint in forcible detainer, and a summons from a justice court, were filed in the Circuit Court and it contains copies thereof; that afterwards, on January 19, 1909, the plaintiff moved in the Circuit Court that the clerk be directed to enter judgment on the verdict theretofore rendered and filed in the cause. The court on such motion entered an order, reciting an examination of the records of the court in the cause and the entries and minutes of the judge in the cause, and finding that the clerk of the court had not entered upon the records the judgment ordered by the court in accordance with the verdict. The court then entered an amended judgment on the verdict for the restitution of the premises, describing them.

The record originally filed in this court, October 5, 1908, shows that the cause was tried on May 6, 1908, and the jury returned a verdict finding the defendants guilty of unlawfully withholding from the plaintiff the possession of the premises described in the plaintiff's complaint filed in the cause and that the right of possession of said premises was in the plaintiff.

Afterwards on May 16, 1908, the court overruled a motion for a new trial and a motion in arrest of judgment, and entered a judgment, as recorded by the clerk, in replevin. And from that judgment this appeal is prosecuted. This appeal was perfected by filing an appeal bond on June 20, 1908, in accordance with the order allowing the appeal, and the bond was duly approved.

It appears, therefore, from the record that at the time of the trial and verdict, and the entry of the judgment appealed from, there was not and never had been on file in the Circuit Court, where the cause was pending on appeal from a justice of the peace, the complaint in forcible detainer filed before the justice. It follows that the Circuit Court was at the time of the trial, verdict and judgment without jurisdiction to hear and determine the cause, and that the trial, verdict and judgment were void for that reason. Stillo v. Pelletiere, 140 Ill. App. 428, and cases there cited. The judgment of May 16, 1908, was also erroneous on the face of the record, for the reason that it was not responsive to, or based upon the verdict, and was not sustained by the verdict.

It appears from the amended record that the judgment of May 16, 1908, was amended on January 19, 1909, while this appeal was pending here; and it is urged that the cause having been transferred to this court by the appeal, the Circuit Court was without power to vacate and set aside the judgment so erroneously spread of record by the clerk, and that the certified copy of that record should be disregarded by the court, and should be stricken from the files. With this contention we cannot agree. Notwithstanding the appeal, and that several terms of court had intervened after the judgment term, the court had the power on due notice to the parties interested to amend or correct the judgment so as to make it speak the truth, when by clerical misprision it does not speak the truth. Knefel v. The People, 187 Ill. 212. The order of Janu-

CHICAGO—FIRST DISTRICT—APRIL, 1909.   143

Grand Pacific Hotel Co. v. Michigan Com. Ins. Co., 148 App. 143.

ary 19, 1909, was in terms an amendment of the judgment entered May 16, 1908, although not made *nunc pro tunc* as of that date. The record shows it was made on an inspection of the record and memoranda made by the presiding judge on May 16, 1908. These memoranda and the record were, in our opinion, a sufficient basis for the amendment. The amendment of the judgment is an essential part of the record of the judgment and is properly on file and before us on this appeal as a part of the record in the case. The motion to strike it from the files must therefore be denied.

The peculiar state of the record in this case having thus been brought to our attention on the motion disposed of above, and it appearing that the trial took place and the verdict was rendered, before the complaint made before the justice of the peace was ever filed in the Circuit Court, and that the court had no jurisdiction to hear and determine the case (Stillo v. Pelletiere, *supra*), we see no reason for not disposing of the case at this time. We, therefore, of our own motion, advance the case and dispose of it at this time, and for the error indicated the judgment is reversed and the cause is remanded to the Circuit Court for a new trial.

*Reversed and remanded.*