HENRY L. NANCE, Plaintiff-Appellee, v. JAMES O. BELL, Defendant-Appellant.

Second District   No. 2—90—0651

Opinion filed March 8, 1991.

Karl C. Koonmen, of Loves Park, for appellant.

Steven L. Nordquist, of Nordquist Law Offices, Ltd., of Rockford, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The defendant, James O. Bell, appeals from the judgment entered in the circuit court of Winnebago County in favor of the plaintiff, Henry L. Nance, granting possession of real estate located in Rockford, Illinois, to the plaintiff. The defendant argues on appeal that the plaintiff failed to make a proper demand for possession required under section 9—102(a)(5) of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1989, ch. 110, par. 9—102(a)(5)) and, therefore, the trial court did not have jurisdiction to entertain the plaintiff's action for forcible entry and detainer.

On January 22, 1990, the defendant received by certified mail a document entitled "Notice of Forfeiture and Reentry and Intention to Institute Forcible Entry and Detainer Suit" (Notice). The Notice described that a contract sale of real estate had occurred between the plaintiff as seller and the defendant as buyer on August 22, 1986, which was evidenced by the "Agreement for Deed" and the defendant was now in default of that agreement. The Notice claimed that the defendant had not increased his principal and interest payments as required by the contract but, rather, had unilaterally reduced the amount

owed on the principal and interest from $475 to $342.19 per month thereby causing a negative amortization. Because of the default by the defendant, the Notice gave the defendant 30 days to cure the default by tendering a sum of $37,663.47 plus the reasonable attorney fees incurred in enforcing or forfeiting the defendant's interest to bring the contract current. The Notice gave a detailed description of the real estate concerned in the contract and declared that unless the above-mentioned amount was tendered by the defendant, the defendant's rights under the "Agreement for Deed" would be forfeited and the plaintiff would institute a suit under the Forcible Entry and Detainer Act.

The defendant did not tender the amount asked for in the Notice within 30 days; therefore, on March 16, 1990, the plaintiff filed a complaint for forcible entry and detainer against the defendant and incorporated the previous Notice into the complaint.

On April 4, 1990, the defendant filed a motion to dismiss the plaintiff's complaint for forcible entry and detainer under section 2—619(a)(1) of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(1)) for lack of subject-matter jurisdiction. The defendant claimed that the plaintiff failed to make a proper demand for possession as required under the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1989, ch. 110, par. 9—101 *et seq.*) The motion to dismiss the plaintiff's suit was heard and denied by the trial court on April 23, 1990.

On May 7, 1990, the defendant presented a motion to reconsider the trial court's decision of April 23, 1990, which claimed that under section 9—102(a)(5) of the Forcible Entry and Detainer Act the plaintiff did not make a proper demand for possession in his Notice and, therefore, the trial court did not have the requisite subject-matter jurisdiction to entertain the action for forcible entry and detainer.

The motion to reconsider was heard and denied by the trial court. The cause proceeded to trial, and on May 11, 1990, the trial court entered a judgment awarding the plaintiff possession of the real estate in Rockford, Illinois. The defendant then appealed.

The defendant argues on appeal that subject-matter jurisdiction did not attach because the plaintiff failed to provide the defendant with a proper demand for possession as required under section 9—102(a)(5) of the Forcible Entry and Detainer Act. For the following reasons we disagree and affirm.

■ A forcible detainer action is a special statutory proceeding that is in derogation of the common law; therefore, the party requesting this relief must comply with the requirements of the statute, especially those requirements that relate to jurisdiction. (*Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 6; *First National Bank v. Chrysler Realty Corp.*

(1988), 168 Ill. App. 3d 784, 791. But see *Morris v. Martin-Trigona* (1980), 89 Ill. App. 3d 85, 88.) However, the statute should be construed liberally. *West Side Trust & Savings Bank v. Lopoten* (1934), 358 Ill. 631, 637.

Where a forcible entry and detainer action is maintained against a contract purchaser, the party wishing to regain possession must proceed under section 9—102(a)(5) of the Forcible Entry and Detainer Act. This section specifically states:

"§9—102. (a) When action may be maintained. The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

\* \* \*

5. When a vendee having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with the agreement, withholds possession thereof, after demand in writing by the person entitled to such possession \*\*\*." (Ill. Rev. Stat. 1989, ch. 110, par. 9—102(a)(5).)

This section in the Forcible Entry and Detainer Act expressly requires a written demand prior to filing suit under the statute, and, thus, a written demand is a strict condition precedent before an action may be maintained. (*Vogel v. Dawdy* (1984), 123 Ill. App. 3d 356, 361, *aff'd* (1985), 107 Ill. 2d 68.) The demand must be properly made or jurisdiction will not attach. *Eddy v. Kerr* (1981), 96 Ill. App. 3d 680, 681.

■ The Forcible Entry and Detainer Act also requires that the party attempting to regain possession after a contract sale must also comply with the provisions of section 9—104.1(a) (Ill. Rev. Stat. 1989, ch. 110, par. 9—104.1(a)). This section gives the purchaser "at least 30 days to satisfy the terms of the demand before an action is filed." (Ill. Rev. Stat. 1989, ch. 110, par. 9—104.1(a).) In *Eppers v. First National Bank* (1987), 151 Ill. App. 3d 902, 907, the court held that this section required that contract and condominium purchasers are entitled to more than just a mere demand for possession; they are also given 30 days in which to cure or satisfy the terms of the demand.

■ However, the purpose of a forcible entry and detainer action is still to determine who is entitled to possession of real estate and not to decide who has title concerning the property in question. (*Noe v. Clemons* (1988), 174 Ill. App. 3d 223, 230.) The court in *Eppers* also makes a distinction between the common-law actions of forfeiture and the statutory action for forcible entry and detainer. (*Eppers*, 151 Ill. App. 3d at 906-09.) Therefore, while section 9—104.1(a) gives a buyer 30 days in which to cure any defects, this does not relieve the seller of

making a demand for possession under the statute. Thus, if the plaintiff's Notice was a notice of forfeiture only, even with a 30-day cure period the Notice would not have satisfied the requirements of either section 9—102(a)(5) or section 9—104.1(a) of the Forcible Entry and Detainer Act. With no demand for possession made on the defendant, the trial court would not have had jurisdiction over the forcible entry and detainer action.

The Forcible Entry and Detainer Act, however, does not require a precise formula for declaring a demand for possession. Section 9—104 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1989, ch. 110, par. 9—104) provides an example of a form that may be used: "To *** I hereby demand immediate possession of the following described premises: (describing the same)." Ill. Rev. Stat. 1989, ch. 110, par. 9—104.

In this appeal, the defendant claims that the plaintiff failed to make a proper demand for possession in his Notice that complied with section 9—102(a)(5) of the Forcible Entry and Detainer Act. While it is true the plaintiff's Notice did not use the language stated in the statute and above, it is equally clear that the Forcible Entry and Detainer statute does not require a precise wording in order to make a demand for possession. (Ill. Rev. Stat. 1989, ch. 110, par. 9—104.) The statute simply states this language may be used.

One explanation of what is necessary for a proper demand for possession is found in 35 Am. Jur. 2d *Forcible Entry & Detainer* §35 (1967), which states a demand for possession:

"[I]s sufficient if the person to whom it is given can understand from it what is demanded of him and by whom.

The primary purpose of a notice to vacate is to apprise the party to whom it is given of the description of the property desired to be vacated with such reasonable certainty that he cannot be mistaken as to what land is meant." 35 Am. Jur. 2d *Forcible Entry & Detainer* §35, at 915 (1967).

Here, in the present cause, the plaintiff argues that the Notice the defendant received on January 22, 1990, was a proper demand for possession even though the Notice did not state specifically "I hereby demand immediate possession." (Ill. Rev. Stat. 1989, ch. 110, par. 9—104.) We agree that the plaintiff was not required to follow any precise formula in making demand on the defendant. Rather, the question is whether the defendant understood what was being demanded of him and by whom.

We first note that the Notice specially stated that it was a "Notice of Forfeiture and Reentry and Intention to Institute Forcible Entry

and Detainer Suit." The Notice went on to describe what was necessary to cure the buyer's default; however, if the default was not cured, the buyer was subject to "An Act in Regard to Forcible Entry and Detainer." The Notice also described in detail the real estate in question.

While the plaintiff could have avoided this whole problem by making a clear demand for possession, we believe that the Notice as a whole was sufficiently specific to notify the defendant that unless he cured the default stated in the Notice, his rights would be forfeited under the "Agreement for Deed" and because the defendant was in default, the plaintiff was demanding possession. The title of the Notice states it covered both the notice of the defendant's forfeiture under the contract and the notice of the plaintiff's reentry. The Notice also refers to an intention to proceed under the Forcible Entry and Detainer Act. We believe that the defendant could reasonably understand from the Notice that he was either to cure his default under the "Agreement for Deed" or he was to vacate the property in favor of the plaintiff.

Therefore, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

UNVERZAGT and GEIGER, JJ., concur.