RENEE RUSSELL, Plaintiff-Appellant, v. HENRY HOWE *et al.*, Defendants-Appellees.

Second District    No. 2—97—0430

Opinion filed December 17, 1997.

Steven L. Pick, of Prairie State Legal Services, Inc., of St. Charles, for appellant.

James M. Kiss, of Kiss, Doherty & Ryan, Ltd., of Carpentersville, for appellees.

JUSTICE COLWELL delivered the opinion of the court:

Defendants, Henry and Ilene Howe, leased two rooms of their home to plaintiff, Renee Russell, and her children. After defendants denied plaintiff access to the premises, plaintiff sued defendants for trespass and for breach of the implied covenant of quiet enjoyment. Plaintiff also requested a preliminary injunction and moved for a temporary restraining order to prevent defendants from interfering with plaintiff's access to the premises. The trial court issued the temporary restraining order, denied the preliminary injunction, and awarded possession of the premises to defendants.

On appeal, plaintiff argues that the trial court (1) abused its discretion in denying the preliminary injunction; and (2) lacked the jurisdiction to award possession of the premises to defendants. Defendants did not file a brief in this appeal. For the reasons set forth below, we vacate the trial court's order denying the preliminary injunction and awarding possession to defendants.

## I. FACTS

The following facts are not in dispute. On February 14, 1997, defendants verbally agreed to lease two rooms of their Carpentersville home (the premises) on a month-to-month basis to plaintiff and her two children. On the same day, after tendering to defendants $300 for the first month's rent and $200 toward the security deposit, plaintiff moved in. Although plaintiff did not receive a key to the premises, defendants assured her that someone always would be available to let her in. One week later, plaintiff tendered to defendants $300 for the second month's rent, $100 for the balance of the security deposit, and $20 for the water bill.

On March 21, 1997, plaintiff experienced car trouble and called defendants to inform them that she might not return that evening as planned. Defendants informed plaintiff that they no longer would allow plaintiff and her children to enter the premises. A few days later, plaintiff's attorney contacted defendants in an attempt to resolve the dispute. Defendants advised plaintiff's attorney that they would not allow plaintiff and her children to enter the premises without a court order.

On March 31, 1997, plaintiff sued defendants for trespass and for breach of the implied covenant of quiet enjoyment. In her verified complaint, plaintiff sought, among other relief, a preliminary injunction to prevent defendants from further interfering with plaintiff's access to the premises. On the same day, plaintiff also moved for a temporary restraining order. After issuing the temporary restraining order, the trial court scheduled a hearing for 10:30 a.m. on April 10, 1997, to determine whether plaintiff was entitled to a preliminary injunction. Defendants did not file a single pleading in the trial court.

On April 10, 1997, plaintiff's attorney arrived in court at 10:33 a.m. to discover that the trial court had already conducted the preliminary injunction hearing. Although defendants still had not filed a single pleading, the trial court denied plaintiff's request for a preliminary injunction and granted possession of the premises to defendants. Plaintiff immediately moved to vacate the trial court's order.

On April 14, 1997, the trial court denied plaintiff's motion to vacate the April 10, 1997, order. Plaintiff then filed a notice of interlocutory appeal (see 166 Ill. 2d R. 307(a)(1)) and a motion to stay the execution of the April 10, 1997, order pending appeal. On April 15, 1997, the trial court denied plaintiff's motion for a stay. In its order, the trial court stated that, because the "Municipal Ordinance of the Village of Carpentersville" prohibited plaintiff and her children from occupying the premises, the trial court would not "order a willful violation of such an ordinance." The order did not, however, specify any particular portion of the ordinance.

## II. ANALYSIS

At the outset, we note that, although defendants did not file a brief in this appeal, the issues presented are relatively straightforward. Therefore, we may decide this appeal without the benefit of defendants' brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

### A. ABUSE OF DISCRETION

On appeal, plaintiff first argues that the trial court abused its discretion in denying plaintiff's request for a preliminary injunction. We agree.

■ In Illinois, the trial court has broad discretion in determining whether to grant a preliminary injunction. *Lou Owen, Inc. v. Village of Schaumburg*, 279 Ill. App. 3d 976, 984 (1996). Consequently, a reviewing court will reverse a trial court's refusal to grant a preliminary injunction only if that refusal constitutes an abuse of discretion. *Lou Owen, Inc.*, 279 Ill. App. 3d at 984.

As a general rule, the trial court will grant a preliminary injunction where the plaintiff shows that she (1) has a clearly ascertainable right that needs protection; (2) will suffer irreparable harm without the protection; (3) has no adequate remedy at law; and (4) is likely to succeed on the merits. *Postma v. Jack Brown Buick, Inc.*, 157 Ill. 2d 391, 399 (1993). Where the defendant answers or responds to the plaintiff's complaint, the trial court must hold a hearing to determine the legal sufficiency of that complaint and to resolve any questions of material fact. *Carriage Way Apartments v. Pojman*, 172 Ill. App. 3d 827, 835-36 (1988). Where the defendant does not answer or respond, however, the trial court need not hold a hearing because the sole question is whether the complaint is legally sufficient. *Carriage Way Apartments*, 172 Ill. App. 3d at 835-36. Consequently, if the defendant does not answer or respond, the trial court may not receive or consider extraneous evidence when deciding whether to issue the preliminary injunction. *Carriage Way Apartments*, 172 Ill. App. 3d at 836.

In this case, plaintiff filed a verified complaint seeking, among other relief, a preliminary injunction to prevent defendants from interfering with plaintiff's access to the premises. Defendants neither answered nor responded to that complaint. Thus, in deciding whether to grant the preliminary injunction, the trial court should have confined its inquiry to the legal sufficiency of plaintiff's complaint. See *Carriage Way Apartments*, 172 Ill. App. 3d at 836.

The trial court's April 15, 1997, order makes clear, however, that the trial court denied the preliminary injunction not because plaintiff's complaint was legally insufficient but because the trial court believed that plaintiff's occupation of the premises violated the Carpentersville municipal code. Whether the Carpentersville municipal code prohibits plaintiff's occupation of the premises is an issue that may be relevant at some future point in these proceedings. However, that issue can be resolved only by considering evidence falling outside the four corners of plaintiff's complaint. Thus, under *Carriage Way Apartments*, the trial court should not have considered that issue when deciding whether to grant the preliminary injunction. See *Carriage Way Apartments*, 172 Ill. App. 3d at 836.

Accordingly, because the trial court considered improper evidence in deciding whether to grant the preliminary injunction, we hold that the trial court's denial of that injunction was an abuse of discretion. We therefore (1) vacate the portion of the trial court's April 10, 1997, order that denied plaintiff's request for a preliminary injunction, and (2) remand this cause for a new hearing on plaintiff's request for a preliminary injunction.

## B. THE TRIAL COURT'S JURISDICTION

Plaintiff next argues that this court must vacate the remainder of the trial court's April 10, 1997, order because the trial court lacked the jurisdiction necessary to award possession of the premises to defendants. Again, we agree.

In Illinois, the Forcible Entry and Detainer Act (the Act) (735 ILCS 5/9—101 *et seq.* (West 1996)) provides the sole means for settling a dispute over the possession of real property. *City of Quincy v. Daniels*, 246 Ill. App. 3d 792, 797 (1993); *People v. Evans*, 163 Ill. App. 3d 561, 565 (1987). Moreover, because a forcible entry and detainer action is in derogation of the common law, the party bringing such an action must comply with the requirements of the Act, especially those relating to jurisdiction. *Nance v. Bell*, 210 Ill. App. 3d 97, 99 (1991). If the party bringing the action fails to comply with the Act's jurisdictional requirements, the trial court lacks jurisdiction over the dispute and is powerless to award possession. See *Nance*, 210 Ill. App. 3d at 100-01.

Although it is not the only jurisdictional prerequisite to a forcible entry and detainer action, a complaint is perhaps the most fundamental. Indeed, section 9—106 of the Act states that an action for forcible entry and detainer commences when the party seeking possession files a *complaint* in the circuit court for the county in which the premises are located. See 735 ILCS 5/9—106 (West 1996). Moreover, for more than 100 years, the Illinois courts have treated a written complaint as a jurisdictional prerequisite in forcible entry and detainer actions. See *Redfern v. Botham*, 70 Ill. App. 253, 254 (1897); *Abbott v. Kruse*, 37 Ill. App. 549, 551 (1891). Thus, if the party seeking possession fails to file a forcible entry and detainer complaint, the trial court lacks jurisdiction over the dispute and is powerless to award possession. See *Redfern*, 70 Ill. App. at 254; *Abbott*, 37 Ill. App. at 551.

In this case, the trial court awarded possession of the premises to defendants. Defendants, however, never filed a written complaint for forcible entry and detainer. In fact, with the exception of defense counsel's appearance, defendants did not file a single piece of paper with the trial court. Thus, the trial court possessed neither jurisdiction over defendants' claim to possession nor the power to award possession of the premises to defendants. See 735 ILCS 5/9—106 (West 1996); see also *Redfern*, 70 Ill. App. at 254; *Abbott*, 37 Ill. App. at 551. Accordingly, we vacate the portion of the trial court's April 10, 1997, order that awarded possession of the premises to defendants.

## III. CONCLUSION

In sum, we hold that the trial court (1) abused its discretion in

denying plaintiff's motion for a preliminary injunction; and (2) lacked the jurisdiction necessary to award possession of the premises to defendants. Accordingly, we vacate the trial court's April 10, 1997, order in its entirety and remand this cause for a new hearing on plaintiff's request for a preliminary injunction.

For the foregoing reasons, the circuit court of Kane County's April 10, 1997, order is vacated, and the cause is remanded.

Vacated and remanded.

BOWMAN and DOYLE, JJ., concur.