SCHEFFEL AND COMPANY, P.C., Plaintiff and Counterdefendant-Appellee, v. KENNETH FESSLER, Defendant and Counterplaintiff-Appellant (Dennis Ulrich *et al.*, Counterdefendants; Robert L. Zoelzer *et al.*, Intervenors-Appellees).

Fifth District    No. 5—04—0098

Opinion filed March 1, 2005.—Rehearing denied April 7, 2005.

David L. Antognoli, of Goldenberg, Miller, Heller & Antognoli, P.C., of Edwardsville, for appellant.

Robert W. Rongey and Kenneth P. Danzinger, both of Callis, Papa, Hale, Szewczyk, Rongey & Danzinger, P.C., of Granite City, and Morris B. Chapman, of Edwardsville, for appellees.

JUSTICE KUEHN delivered the opinion of the court:

Kenneth Fessler, a certified public accountant who was a share-

holder and officer at Scheffel & Company, P.C. (Scheffel), first appealed to this court after the trial court denied his motion to invalidate a covenant not to compete imposed by Scheffel when a majority of Scheffel shareholders voted to "involuntarily retire" Fessler. In *Scheffel & Co., P.C. v. Fessler*, No. 5—01—0908 (2003) (*Scheffel I*) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)), we affirmed the trial court's denial of Fessler's motion, as well as the trial court's decision to reduce one of the covenant's time constraints from five years to two years and the geographical limitation from within 50 miles of any city in which Scheffel maintains an office to within those counties in which Scheffel maintains offices. After the case was remanded, Scheffel moved for a preliminary injunction, asking the trial court to extend the covenant not to compete for as long as Fessler received deferred compensation. After a lengthy hearing was conducted, the trial court granted Scheffel's motion but extended the covenant not to compete indefinitely. Fessler now appeals, and we affirm but modify the trial court's order to use the language of the restrictive covenant—"for so long as [Fessler] continues to receive *** deferred compensation payments."

Fessler is a certified public accountant who began working for Scheffel as a senior accountant in the mid-1970s when the business was organized as a partnership. In 1980, Fessler became a partner in the business and signed a partnership agreement that contained a covenant not to compete virtually identical to the one at issue here. Over the years, Fessler also signed supplemental partnership agreements that contained the same clause. In 1986, Fessler and the other six existing partners signed a "Preincorporation Agreement" (Agreement) and incorporated the business. The Agreement contains an "involuntary retirement" clause that allows the corporation to force the retirement of a shareholder if two-thirds of the shareholders agree. The Agreement also contains a covenant not to compete, similar to those contained in the partnership agreements, which provides the following restrictions:

> "For a period of five (5) years immediately following the date he ceased to be a partner or shareholder, *and*, if he is receiving deferred compensation payments from the Corporation, thereafter, for so long as he continues to receive such deferred compensation payments: He will not directly or indirectly render public accounting services to any clients who were serviced by the Corporation during the two (2) years immediately prior to the date of his withdrawal or practice public accounting in any location within fifty (50) miles of any city in which the Corporation or any operating Corporation maintains an office on the date he ceased to become a shareholder." (Emphasis added.)

In September of 2000, Scheffel proposed a readjustment of the profit and ownership allocation of its shareholders for the years 1996 to 1999. Fessler objected to the proposed profit split, expressed his opinion that it was unfair, and refused to approve it. On October 5, 2000, Scheffel filed a complaint against Fessler, seeking a declaratory judgment from the trial court on what method could be used to terminate Fessler under the terms of various corporate documents, including the Agreement. In its amended complaint, Scheffel alleged that there had been difficulties between Fessler and Scheffel over the previous several years and disagreement about Fessler's rights as a shareholder. Scheffel also alleged that the shareholders had discussed Fessler's voluntary retirement with him but that they were unable to reach a resolution.

Even so, Fessler was involuntarily retired by Scheffel on August 28, 2001. In September 2001, Fessler filed a counterclaim against Scheffel and the individual shareholders. He sought a declaratory judgment that the covenant not to compete contained in the Agreement was invalid. Fessler also filed a motion for a preliminary injunction that sought to restrain Scheffel from enforcing the covenant not to compete until the trial court could consider the merits of whether Scheffel's covenant not to compete was valid. After conducting a hearing on October 4, 2001, the trial court denied Fessler's motion for a preliminary injunction and found the covenant to be reasonable but limited the covenant's first-time constraint from five years to two years and only to counties in which Scheffel maintained offices. Fessler appealed and we affirmed, finding that the covenant not to compete was valid and that the trial court's limitation on the time and geographical restraints was reasonable.

Since then, the parties have continued to litigate their claims and counterclaims while the covenant not to compete continued to run. On September 3, 2003, Scheffel moved for a preliminary injunction, asking the trial court to extend the covenant for as long as Fessler continued to receive deferred compensation. Previous Scheffel members who had voluntarily retired were allowed to intervene over Fessler's objection and joined Scheffel's motion.

On October 21, 2003, before conducting a hearing on the motion, the trial court recognized that a new and different issue than that discussed in *Scheffel I* was put before it by Scheffel's motion for a preliminary injunction:

"My recollection is that we did discuss this previously and that—5I also in my Order quoted the entire provision of 24.1 [*sic*] but during the prior hearings *there was no discussion of* the \*\*\* rest of the phrase, *the part that reads:* [']*And if he is receiving deferred*

*compensation payments from the corporation thereafter, for so long as he continues to receive deferred compensation payments.*['] I could easily have looked at that and think it was there when we had the prior hearings and *it could be assumed it was thought about, discussed, argued, but it wasn't and I haven't made up my mind.* I haven't decided what effect that language has on this case because it was not determined prior to this time. *I made my decision with regards to the only part that was argued in the prior hearings*[,] *[which] had to do with the five*[-]*]year period. No one even mentioned the rest of that phrase during that hearing.*" (Emphasis added.)

After considering evidence presented on the motion on October 26, 2003, and November 24, 2003, as well as evidence previously presented on August 31, 2001, and October 4, 2001, the trial court issued an order on January 6, 2004, which granted Scheffel's motion and ordered that Fessler could not provide accounting services "at any time in the future" for any person or entity that was a client of Scheffel's during the two-year period immediately before his involuntary retirement. Fessler now appeals, arguing (1) that the trial court violated the law-of-the-case doctrine by reversing its earlier ruling which had reduced the duration of the covenant not to compete from five years to two years and (2) that Scheffel failed to establish three grounds essential for a preliminary injunction. We disagree.

■ As to the law of the case, we agree that "[q]uestions of law decided in a previous appeal are binding on the trial court." *Jones v. Petrolane-Cirgas, Inc.*, 186 Ill. App. 3d 1030, 1032, 542 N.E.2d 1186, 1188 (1989). However, the law of the case is not binding on the trial court in a subsequent stage of litigation when (1) there are different issues involved, (2) there are different parties involved, or (3) the underlying facts change. *In re Christopher K.*, 348 Ill. App. 3d 130, 140, 810 N.E.2d 145, 155 (2004); *Lake Bluff Heating & Air Conditioning Supply, Inc. v. Harris Trust & Savings Bank*, 117 Ill. App. 3d 284, 290, 452 N.E.2d 1361, 1366 (1983); *Miscevich v. Commonwealth Edison Co.*, 110 Ill. App. 3d 400, 402, 442 N.E.2d 338, 340 (1982).

■ Here, it is clear that a different issue was presented to the trial court by Scheffel's motion with regard to the deferred compensation restriction. As the trial court recognized before it heard arguments on Scheffel's motion, this issue had not been put before it and had not been considered when it issued the order affirmed by this court in *Scheffel I*. As stated above, the trial court acknowledged that it had only considered the first restriction found in the Agreement (*i.e.*, the general restriction on competition for five years and within 50 miles of any Scheffel office) and that no one had mentioned the additional

restriction imposed when a former employee receives deferred compensation. Accordingly, we find that a different issue was presented to the trial court and that it was not bound to apply a two-year restriction without consideration of the second restriction contained in the covenant regarding the receipt of deferred compensation.

Fessler next takes issue with the propriety of the injunction itself. As we stated in *Scheffel I*, the trial court has broad discretion to decide whether to grant a preliminary injunction, and absent an abuse of discretion, a reviewing court will not overturn the trial court's decision. *Russell v. Howe*, 293 Ill. App. 3d 293, 295, 688 N.E.2d 375, 378 (1997). The petitioner for a preliminary injunction has the burden to show he has a clear right to this equitable relief. *Millard Maintenance Service Co. v. Bernero*, 207 Ill. App. 3d 736, 743, 566 N.E.2d 379, 383 (1990). The propriety of issuing a preliminary injunction when a restrictive covenant is involved depends upon the enforceability of the restrictive covenant. *Bernero*, 207 Ill. App. 3d at 744, 566 N.E.2d at 383. A restrictive covenant is unenforceable if its sole purpose is to restrict competition. *Bernero*, 207 Ill. App. 3d at 744, 566 N.E.2d at 383. An individual has the fundamental right to pursue a particular occupation for which he is trained. *Bernero*, 207 Ill. App. 3d at 744, 566 N.E.2d at 383. However, if a restrictive covenant has reasonable terms, *i.e.*, it is reasonably necessary to protect the interests of the employer, then the covenant will be enforced. *Bernero*, 207 Ill. App. 3d at 744, 566 N.E.2d at 384. To be enforceable, the restrictive covenant must be reasonable in geographic scope and must be necessary to protect a legitimate business interest of the employer. *Bernero*, 207 Ill. App. 3d at 744, 566 N.E.2d at 384. The reasonableness of a restrictive covenant depends upon the unique facts and circumstances of each case. *Bernero*, 207 Ill. App. 3d at 744, 566 N.E.2d at 384.

When issued, a preliminary injunction is intended to preserve the status quo until a decision on the merits can be entered. *Callis, Papa, Jackstadt & Halloran, P.C. v. Norfolk & Western Ry. Co.*, 195 Ill. 2d 356, 365, 748 N.E.2d 153, 159 (2001). A preliminary injunction is an extreme remedy that should be used only where an emergency exists and serious harm would result if the injunction is not issued. *Callis, Papa, Jackstadt & Halloran, P.C.*, 195 Ill. 2d at 365, 748 N.E.2d at 159. A preliminary injunction is proper if the petitioner establishes the following: (1) he has a clearly ascertained right that needs protection, (2) he will suffer irreparable harm without the preliminary injunction, (3) he has no adequate remedy at law, (4) there is a likelihood of success on the merits of the underlying suit, and (5) the benefits of granting the preliminary injunction outweigh the injury to a defendant. *Danville Polyclinic, Ltd. v. Dethmers*, 260 Ill. App. 3d

108, 111, 631 N.E.2d 842, 844 (1994). All five factors must be established in order to obtain a preliminary injunction. *Danville Polyclinic, Ltd.*, 260 Ill. App. 3d at 113, 631 N.E.2d at 846.

■ Fessler argues that Scheffel failed to establish facts to support the first, third, and fourth factors relating to a protectible right, an inadequate remedy at law, and the likelihood of success on the merits of the case. We disagree.

As we stated in *Scheffel I*, Scheffel has spent a substantial amount of time and money to obtain and maintain its clients. Thus, we found that Scheffel has a protectible interest in its clients that would be harmed if the restrictive covenant were not enforced. Accordingly, we need not address this issue further here, and we find that Scheffel has established the first factor—that it has an ascertained right that needs protecting.

We also find that Scheffel has established the third factor—that it would have an inadequate remedy at law if the covenant were not enforced. "An adequate remedy at law is one which is clear, complete[,] and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy." *Cross Wood Products, Inc. v. Suter*, 97 Ill. App. 3d 282, 286, 422 N.E.2d 953, 957 (1981). Fessler claims that money damages or a constructive trust would be an adequate remedy for any clients Scheffel loses, because any retirement liabilities Scheffel is unable to pay because of lost revenues from clients, and the revenues from the lost clients themselves, can be measured. We disagree. Although immediate damages such as those Fessler mentions might be calculable, the injury to Scheffel's reputation and goodwill, as well as the resulting potential loss of future business, is incapable of adequate computation. See *U-Haul Co. of Central Illinois v. Hindahl*, 90 Ill. App. 3d 572, 577, 413 N.E.2d 187, 191 (1980).

Last, we find that Scheffel has established its likelihood of success on the merits. In its case against Fessler, Scheffel seeks to make permanent that which it seeks in its preliminary injunction—to enforce the covenant not to compete. As we found in *Scheffel I*, "the restrictive covenant in this case is reasonable" and "it is unlikely that Fessler will succeed on the merits of his claim concerning the [invalidity of the] restrictive covenant." *Scheffel I*, order at 11. Even considering the longer restriction imposed while Fessler receives deferred compensation, we conclude that Fessler is not prevented from practicing accounting in the private sector. Given the consideration Fessler is receiving from Scheffel in the form of deferred compensation, the additional time restraint is reasonable to protect Scheffel's legitimate business interests. Therefore, we find that Scheffel has established its

likelihood of success on the merits. Accordingly, we find that the trial court's issuance of the preliminary injunction with regard to the deferred compensation clause was not in error, but we modify the trial court's order to reflect the time limit imposed by the restrictive covenant, *i.e.*, "for so long as [Fessler] continues to receive \*\*\* deferred compensation payments."

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed but modified according to the terms of the restrictive covenant, *i.e.*, for as long as Fessler receives deferred compensation payments from Scheffel.

Affirmed as modified.

HOPKINS and WELCH, JJ., concur.